J-A06025-20

2020 PA Super 134

S.G.                                          :    IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                                              :
                v.                            :
                                              :
                                              :
                                              :
R.G.                                          :
                                              :
                   Appellant                  :    No. 1906 EDA 2019

Appeal from the Order Entered May 30, 2019
In the Court of Common Pleas of Chester County Civil Division at No(s):
2019-02478-PF

BEFORE:    STABILE, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                            **FILED JUNE 08, 2020**

Appellant, R.G., appeals from the May 30, 2019, three-Year, final
Protection from Abuse ("PFA") Order entered by the Court of Common Pleas
of Chester County in favor of Appellee, S.G, the petitioner.  Herein, Appellant
contends that in conducting a full evidentiary hearing on Appellee's petition,
the court violated the "collateral jurisdiction rule," as encompassed in the "law
of the case" doctrine, because it ignored and effectively overruled a prior order
of the same court.  We affirm.

On March 8, 2019, Appellee filed a PFA petition against her husband,
Appellant, naming herself and the parties' two-year old daughter as protected
parties and asking for a three-year PFA order.  The court entered a temporary
PFA order naming Appellee and her daughter as protected parties and
scheduling a Final PFA Order hearing for March 21, 2019.

_____

* Former Justice specially assigned to the Superior Court.

Prior to the commencement of the March 21, 2019 hearing, Appellee asked for the recusal of the scheduled judge, the Honorable Allison Bell Royer, because Appellant had some involvement in the judge's political campaign. Judge Royer agreed that recusal was required and indicated that she would not be hearing evidence or making any rulings in the matter. N.T., 3/21/19, at 5.

Upon learning the parties had "reach[ed] a very temporary solution until [they would] have [their] next court date," however, the court agreed to sign off on that agreement within her "Temporary Order and Order of Continuance" of March 21, 2019. The order referred to the parties' agreement, as follows:

> The Temporary Order for Protection from Abuse dated 3/8/19 shall remain in full force and effect until further Order of this Court with the following exceptions: 1. [Appellee] is removed from being a protected person; 2. Communication between the parties relating to custody are not a violation of the PFA. . . . Custody communications . . . shall be via text or email only; and 3. If no violations[,] [Appellee] shall withdraw the petition for protection from abuse on May 21, 2019.

Temporary Order and Order for Continuance, 3/21/19.

On May 23, 2019, the Honorable Robert J. Shenkin, Senior Judge, presided over the PFA Hearing. Counsel for Appellant began the hearing by informing the court that because Appellant had committed no violations of the two prior PFA orders, Appellee was required to withdraw her PFA petition in accordance with the parties' agreement incorporated in the court's prior order. N.T., 5/23/19, at 2-3. Appellee, however, declined to withdraw her petition because she still did not feel safe and Senior Judge Shenkin ruled that her

- 2 -

withdrawal was not required. N.T. at 4. Furthermore, in rejecting Appellee's alternative argument that the evidentiary record should be limited to the prior 60 days pursuant to the parties' agreement, Senior Judge Shenkin indicated he would preside over a full evidentiary hearing in which he would consider all relevant evidence. N.T. at 4.

At the conclusion of evidence, Senior Judge Shenkin announced he was entering a three-year Final PFA order, which he filed on May 30, 2019. This timely appeal followed.[1]

Appellant presents the following two questions for our consideration:

1. [Did] the trial court err[] as a matter of law and/or abuse[] its discretion by ignoring the law of the case doctrine and violating the coordinate jurisdiction rule, when it *sub silentio* overruled the previous trial court judge's prior temporary protection from abuse order and directed the parties to proceed with a full hearing on the merits of the Appellee's original protection from abuse petition, without making an initial finding that the Appellant had violated the previous trial court judge's order?

2. [Did] the trial court err[] as a matter of law and/or abuse[] its discretion by proceeding with a full hearing on the merits of the Appellee's protection from abuse petition when there was no basis

---

[1] Notably, the appeal was timely filed. It appears that the May 30th order was entered on the trial court docket on the same day. Therefore, the appeal was required to be filed within 30 days of May 30th, or by June 29th, which was a Saturday. Review of the trial court docket reveals that the Notice of Appeal was filed on Monday, July 1, 2019, which was timely. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); **see also** Pa.R.A.P. Note (Pa.R.A.P. 107 incorporates by reference the rules of construction of the Statute Construction Act of 1972, 1 Pa.C.S. §§ 1901-1991. 1 Pa.C.S. § 1908(2) provides for the omission of the last day of time which falls on Saturday, Sunday or legal holiday).

or credible evidence to support a finding that the Appellant violated the prior temporary protection from abuse order?

Appellant's brief, at 9.

Our standard of review in an appeal from a PFA order is well-settled:

> In an appeal from a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion." **Hood—O'Hara v. Wills**, 873 A.2d 757, 759 (Pa.Super. 2005) quoted in **Lawrence v. Bordner**, 907 A.2d 1109, 1112 (Pa.Super. 2006). Assessing the "[c]redibility of witnesses and the weight to be accorded to their testimony is within the exclusive province of the trial court as the fact finder. **Karch v. Karch**, 885 A.2d 535, 537 (Pa.Super. 2005) (quoted in **Mescanti v. Mescanti**, 956 A.2d 1017, 1020 (Pa. Super. 2008).

**S.W. v. S.F.,** 196 A.3d 224, 230 (Pa. Super. 2018).

In his first issue, Appellant argues that Senior Judge Shenkin violated the law of the case doctrine when he conducted a full hearing on Appellee's PFA petition without first finding that Appellant violated Judge Royer's Temporary Order. Only then, Appellant contends, would Appellee have been relieved of her prior agreement to withdraw her petition.

The law of the case doctrine comprises three rules:

> (1)upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.
>
> **Commonwealth v. Starr**, 541 Pa. 564, 664 A.2d 1326, 1331 (1995); *accord* **Zane v. Friends Hosp**., 575 Pa. 236, 836 A.2d 25, 29 (2003).

- 4 -

> Within this doctrine lies the directive that "judges sitting on the same court in the same case should not overrule each other's decisions," otherwise known as the "coordinate jurisdiction rule." ***Commonwealth v. Daniels***, 628 Pa. 193, 104 A.3d 267, 278 (2014).... Only in exceptional circumstances, such as an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed, may the doctrine be disregarded.
>
> To determine whether the law of the case doctrine applies, a court must examine the rulings at issue in the context of the procedural posture of the case.

***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 282-83 (Pa. Super. 2016) (emphasis added) (some internal citations and quotation marks omitted).

In the case *sub judice*, Judge Royer issued no ruling or holding that implicated the "law of the case" or "coordinate jurisdiction rule," as she determined at the outset of the proceeding that her necessary recusal prohibited her from conducting a hearing on Wife's PFA petition:

> **Judge Royer**:    So I'm not hearing evidence.  I'm not ruling on anything.  There is no -- other than approving and signing off on your agreement, that's the extent of my involvement, and the case won't come before me in the future if you have other litigation.

Hearing, 3/21/19, at 5.

Therefore, Judge Royer resolved no legal question put before her by the parties, but, instead, simply granted the parties' mutual request to include the terms of their present agreement in her order continuing proceedings for a hearing to a later date.

Because Judge Royer made no judicial determination after consideration of facts and pertinent law,[2] we conclude there was no prior legal resolution in the case that Senior Judge Shenkin overruled or altered when he conducted the May 23, 2019 hearing and entered a final PFA order of May 30, 2019. As such, we reject Appellant's "Law of the Case" or "Coordinate Jurisdiction Rule" argument before us as inapt to the particular facts of this case.

Alternatively, our review of the record and relevant law also leads us to agree with Senior Judge Shenkin's cogent opinion that governing authority requires first that a court conduct a hearing on the underlying merits of a PFA petition and the corresponding temporary PFA order before it may modify or terminate the order. This requirement applies even if the PFA petitioner seeks to withdraw a temporary order, as Appellee argues Appellant agreed to do. Specifically, Pennsylvania Rule of Civil Procedure 1901.8(b), Modification or Discontinuance, provides:

> In cases in which a temporary protection order has been granted, a plaintiff in a protection from abuse action who wishes to vacate the temporary order and discontinue the action shall either file a petition with the court prior to the final order hearing or make the request by oral motion at the final order hearing.

Pa.R.C.P. 1901.8(b). The explanatory comment to Rule 1901.8(b) explains the rule "provides a uniform process that comports with the requirements of 23 Pa.C.S. §§ 6107(b)(2) (related to hearings)...."

---

[2] Notably, the 3/21/19 transcript shows that no discussion took place regarding the exception in question, *i.e.*, Appellee's agreement to withdraw her petition if Appellant committed no PFA violations in the next 60 days.

Section 6107(b)(2), in turn, states, "The court may enter such a temporary order as it deems necessary to protect the plaintiff or minor children when it finds they are in immediate and present danger of abuse. The order shall remain in effect until modified or terminated by the court after notice and hearing." (emphasis added).

Read together, Rule 1901.8(b) and Section 6107(b)(2) provide that a PFA petitioner may request to withdraw his or her temporary PFA order, but the order shall remain in effect until a court modifies or terminates it after providing the parties with notice and a hearing on the matter. **_See also H.M.H. on Behalf of L.M.H. v. D.J.G._**, 210 A.3d 1045, 1048 (Pa.Super. 2019) (holding "[t]he Pennsylvania Legislature's use of the word "shall" [in 23 Pa.C.S. § 6107] requires that the court hold an evidentiary hearing where the plaintiff has the opportunity to appear, with counsel, to submit evidence, and present witnesses in support of the allegation of abuse. **_[Drew v.]Drew_**, 870 A.2d [377,] 378 (Pa.Super. 2005); **_Burke_** [**_ex. Rel Burke v. Bauman_**], 814 A.2d [206,] 208 (Pa.Super. 2002).

Accordingly, we discern no error with Senior Judge Shenkin's overruling Appellant's objection to his conducting a full evidentiary hearing, as he was constrained by neither Judge Royer's prior order nor Appellee's agreement to do what she could not under the law, _i.e._, unilaterally vacate her Temporary PFA and discontinue her action without a full hearing before the court. Where Judge Royer specifically indicated she was considering no evidence and making no rulings, her incorporation of the agreement into the temporary

order did not constitute a requisite hearing as contemplated under the governing rule and statute.

Appellant's second issue is addressed to the sufficiency of the evidence. Our standard of review is well-settled:

> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

[**Fonner v**.] **Fonner**, 731 A.2d [160, 161 (Pa.Super. 1998)] (internal citations omitted).

> "[T]he [PFA] Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence." **Snyder v. Snyder**, 427 Pa.Super. 494, 629 A.2d 977, 982 (1993). A "preponderance of the evidence standard is defined as the greater weight of the evidence, i.e., to tip a scale slightly is the criteria or requirement for preponderance of the evidence." **Raker v. Raker**, 847 A.2d 720, 724 (Pa.Super. 2004).

**K.B. v. Tinsley**, 208 A.3d 123, 128 (Pa.Super. 2019).

Similar to Appellant's first issue, his sufficiency issue is predicated on the flawed argument that the scope of relevant and admissible evidence upon which the Final PFA Order could properly rest should have been restricted to evidence of whether Appellant violated the prior temporary order within the

previous 60 days. For the same reasons expressed above, we find Appellant's sufficiency claim to be without merit and, therefore, affords him no relief.[3]

Order affirmed.

Judge McLaughlin joins the Opinion.

Judge Stabile notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/20

---

[3] Our review of the record shows the court reasonably admitted Appellee's relevant testimony that Appellant subjected her to a pattern of domineering and controlling behavior within the marriage during the lifetime of the parties' two-year old daughter. Finding Appellee's testimony "to be generally credible" and Appellant's testimony "considerably less so," the court opines the evidence was sufficient to support the entry of its order, and we discern no reason to disturb the court's credibility determinations in this regard.