J-S24002-23

2023 PA Super 178

| B.K.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| J.R.B. | : | |
| | : | |
| Appellant | : | No. 46 MDA 2023 |

Appeal from the Order Entered December 22, 2022
In the Court of Common Pleas of Susquehanna County Civil Division at
No(s):  2022-1081 CP

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

OPINION BY BENDER, P.J.E.:                    **FILED SEPTEMBER 25, 2023**

Appellant, J.R.B., appeals from the trial court's December 22, 2022 order granting Appellee, B.K.P., relief pursuant to the Protection from Abuse ("PFA") Act, 23 Pa.C.S. §§ 6101-6122.  We affirm.

The trial court summarized the background of this matter as follows:

On December 19, 2022, [B.K.P.] filed a petition seeking a [PFA] order against [Appellant].[1]  [B.K.P.'s] request for a protective order was based upon two things: (1) a prior incident in 2021 where [Appellant] sexually assaulted her; and (2) [Appellant's] recent behavior of stalking her.  On the same date as the underlying petition, and after an *ex parte* hearing, the court entered a temporary protective order.  A hearing on [B.K.P.'s] PFA petition was conducted on December 22, 2022.

[1] The court was familiar with the parties as there had been past PFA petitions and hearings between the parties. Initially, [B.K.P.] filed her first petition seeking a protective order on March 22, 2021.  The court issued a temporary

_____

* Former Justice specially assigned to the Superior Court.

protective order on that same date, the temporary order was continued pursuant to an agreement of the parties and eventually dismissed upon [B.K.P.'s] motion to withdraw on October 7, 2021. Thereafter, on March 25, 2022, [B.K.P.] filed another petition seeking a protective order, and a temporary protective order was issued on that date. On April 7, 2022, a hearing was conducted on [B.K.P.'s] request for a final protective order[,] and the court denied the request after making the following findings: "The parties are no longer in a relationship, have no contact with each other and have not had contact with each other for approximately 1 year. *While there was a single incident where [Appellant] sexually abused [B.K.P.] approximately one year earlier, [Appellant] has made no effort to contact [B.K.P.] since that time and there is no indication on this record that there is any risk of future abusive behavior given the termination of the parties' relationship*." Thus, the court previously determined that [Appellant] had sexually assaulted [B.K.P.,] and [Appellant] did not appeal that factual finding.

At the hearing, [B.K.P.] testified to the prior incident where [Appellant] sexually abused her on March 19, 2021. [B.K.P.] then outlined how [Appellant] had been following her and stalking her. [B.K.P.] also presented an independent witness, Kelly Goff, who testified that she had seen [Appellant] driving near and parked in the area where [B.K.P.] was engaged in a recovery program. [Ms.] Goff was able to positively identify [Appellant] because she personally knew him. [Appellant] testified and denied having any contact whatsoever with [B.K.P].

Thereafter, the court took judicial notice of the prior PFA proceeding and the findings made by the court in the April 7, 2022 proceeding: (1) that [Appellant] had sexually assaulted [B.K.P.]; and (2) that a final protective order had not been entered because there had been no contact between the parties and an order was not necessary. In explaining the difference presented in the present case, the court concluded as follows:

> [I]n this particular case[,] this time [Ms.] Goff was here and she testified[] not only to seeing [Appellant] on one

- 2 -

occasion[,] but on multiple occasions, driving slowly.[1]  That independent testimony is enough for the [c]ourt to conclude there has been a course of conduct at this point that has placed [B.K.P.] in reasonable fear of bodily injury.

As a result of the prior sexual assault, and the court['s] finding that [Appellant] was engaged in stalking behavior, the court entered a three[-]year final protective order against [Appellant].

[Appellant timely] appealed that decision.  Pursuant to Pennsylvania Rule of Civil Procedure 1925[(b)], [Appellant] was ordered to provide a concise statement of the issues he wished to raise on appeal.  On January 30, 2023, [Appellant timely] filed his concise statement.  This supplemental opinion is submitted in compliance with … Rule … 1925(a).

Trial Court Opinion ("TCO"), 2/2/23, at 1-3 (internal citations omitted; some brackets added; emphasis in original).

On appeal, Appellant raises the following three issues for our review:

[1.] Did the trial court err as a matter of law and commit an abuse of discretion by issuing its [f]inal [p]rotection [o]rder of December 22, 2022[,] when there was insufficient evidence to enter a final [PFA] order?

[2.] Did the trial court err as a matter of law and commit an abuse of discretion by issuing its [f]inal [p]rotection [o]rder of December 22, 2022[,] when the entry of that [o]rder was against the weight of the evidence?

[3.] Did the trial court err as a matter of law and commit an abuse of discretion by issuing its [f]inal [p]rotection [o]rder of December 22, 2022[,] for a period of three (3) years when that was excessive given [the] facts and evidence of record?

---

[1] As we discuss *infra*, Ms. Goff did not testify that she saw Appellant driving slowly on multiple occasions.  Rather, she testified that she has seen Appellant's truck sitting outside of where B.K.P. attends recovery meetings on two occasions, and that she saw him "going up the road one time at a really slow rate of speed."  N.T. Hearing, 12/22/22, at 17.

Appellant's Brief at 3-4.[2, 3]

> At the outset of our review, we observe:

> Our standard of review for PFA orders is well settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion.

*E.K. v. J.R.A.*, 237 A.3d 509, 519 (Pa. Super. 2020) (cleaned up).

### First Issue

In Appellant's first issue, he claims that the evidence was insufficient to support the trial court's final PFA order. We note:

> The PFA Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence. A preponderance of the evidence standard is defined as the greater weight of the evidence, *i.e.*, enough to tip a scale slightly.

> > When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient

---

[2] We have re-ordered Appellant's issues for ease of disposition.

[3] Though Appellant raises three issues in his Statement of Questions Involved, he does not divide the Argument section of his brief into three, corresponding sections. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Donaldson v. Davidson Bros., Inc.*, 144 A.3d 93, 99 n.9 (Pa. Super. 2016) (determining that the appellant failed to comply with Rule 2119(a) where the appellant's brief did not "present and develop eight arguments in support of the eight questions raised"). Though we admonish Appellant for his failure to abide by Rule 2119(a), his noncompliance does not prevent our review. Consequently, we overlook his violation and address his issues.

to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

*Id.* (cleaned up).

Under the PFA Act, 'abuse' is defined as, *inter alia*, "[k]nowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S. § 6102(a)(5). "In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury…. Past acts are significant in determining the reasonableness of a PFA petitioner's fear." *E.K.*, 237 A.3d at 519 (citations and quotation marks omitted).

Here, the trial court explained that Appellant's "sexual assault of [B.K.P.] on a prior occasion less than [two] years prior to [her] petition was admissible as evidence that [she] had a reasonable fear of [Appellant]." TCO at 3. In addition, the trial court noted that it "found the testimony of both [B.K.P.] and [Ms.] Goff credible that [Appellant] had been following and stalking [B.K.P.]." *Id.* (footnote omitted). It concluded that, "[g]iven the brutality of the sexual assault perpetrated by [Appellant] upon [B.K.P.], coupled with [Appellant's] course of conduct involving stalking behavior, the record amply supports the court's finding that [B.K.P.] had a reasonable fear of bodily injury sufficient to support the entry of a final protective order." *Id.* at 4 (citation and footnote omitted).

We agree. Viewing the evidence in the light most favorable to B.K.P., she testified that Appellant had previously sexually assaulted her in March of 2021. *See* N.T. Hearing at 5-7. She also recounted a time, in approximately August of 2022, when she and her son were going to work out, and Appellant followed them to their destination, and then followed B.K.P. back home. *Id.* at 8-9, 10-12. B.K.P. testified that she knew it was Appellant following her because she saw his face. *Id.* at 9, 12. In addition, B.K.P. recalled a time, in approximately September of 2022, when she went outside to get her chickens out of their coop, and Appellant was there. *Id.* at 9. She likewise related that, at 9:00 p.m. on December 14, 2022, she saw Appellant parked outside her house through her window. *Id.* Finally, she relayed that, when she attends recovery meetings, she sees Appellant's truck parked nearby. *See id.* at 12. B.K.P. stated that she fears for her safety. *Id.* at 13. In addition to B.K.P.'s testimony, Ms. Goff similarly testified that she has seen Appellant's truck sitting outside of where B.K.P. attends recovery meetings on two occasions, and she then saw him "going up the road one time at a really slow rate of speed." *Id.* at 17.

Based on the foregoing, we deem the evidence sufficient to support the trial court's finding of abuse. Viewing the evidence in the light most favorable to B.K.P., it demonstrates that Appellant repeatedly committed acts toward B.K.P., namely following her, under circumstances which would place her in reasonable fear of bodily injury. Accordingly, no relief is due on Appellant's first issue.

- 6 -

**Second Issue**

In Appellant's second issue, he complains that the trial court's grant of the final PFA order was against the weight of the evidence. We deem this issue waived, as Appellant did not clearly raise it in his Rule 1925(b) statement.

By way of background, the trial court ordered Appellant to file a Rule 1925(b) statement, instructing that Appellant "file of record and concurrently serve the [c]ourt within twenty-one (21) days a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. … 1925(b). Any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." *See* Pa.R.A.P. 1925(b) Order, 1/10/23 (single page).[4] Appellant timely filed his concise statement, but did not clearly raise his weight challenge therein. His concise statement was 22 paragraphs long, and the only explicit mention of weight appeared in paragraph 20, which stated: "There was not sufficient[,] competent, credible evidence to support the [c]ourt's decision to grant a three[-]year[,] final [PFA] order[,] and the [c]ourt's decision to do so was against both the weight and sufficiency of the evidence." Pa.R.A.P. 1925(b) Statement, 1/30/23, at ¶ 20. Paragraph 20 was preceded by various paragraphs contesting the sufficiency

---

[4] ***See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted).

of the evidence. ***See id.*** at ¶14 ("It was an error of law and abuse of discretion for the [c]ourt to enter the [o]rder granting a three (3) year final protection from abuse [o]rder when there was ***no*** facts and circumstances that were presented that could give [B.K.P.] or any person a reasonable fear that any further abuse would occur or reasonable fear that Appellant would cause [B.K.P.] any bodily injury") (emphasis added; footnote omitted); ***id.*** at ¶ 16 ("There was ***no*** evidence presented that showed or tended to show that Appellant tried to have contact with [B.K.P.] after a prior protection order was granted.") (emphasis added); ***id.*** at ¶ 17 ("There was ***no*** evidence presented that showed or tended to show that Appellant tried to abuse [B.K.P].") (emphasis added); ***id.*** at ¶ 18 ("There was ***no*** evidence presented that showed or tended to show that [B.K.P.] should have a reasonable fear that Appellant would cause her bodily injury or abuse her.") (emphasis added); ***id.*** at ¶ 19 ("Given the foregoing facts and circumstances, taking into consideration the evidence presented at the time of the PFA hearing held in this matter, it was an abuse of discretion and error as a matter of law for the [c]ourt to have issued a three[-]year protective order in this matter."); ***see also id.*** at ¶ 21 ("Given all of the foregoing, there was ***no*** lawful basis for the [c]ourt to enter its December 22, 2022 [o]rder and it must be vacated and/or reversed.") (emphasis added).

Consequently, in its subsequent Rule 1925(a) opinion, the trial court noted:

> [Appellant's] concise statement contains numerous factual averments in paragraph form that do not identify any alleged error by the court but rather appear to be more akin to a factual pleading. While there are 22 paragraphs contained within [Appellant's] concise statement, it appears that only two errors have been alleged: (1) the sufficiency of the evidence; and (2) the duration of the protective order.

TCO at 3 n.2 (internal citations omitted). As such, the trial court addressed Appellant's sufficiency and duration claims in its Rule 1925(a) opinion. It did not directly address Appellant's weight claim.

Rule 1925(b) states that "[t]he Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge[,]" and that "[t]he Statement should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(ii), (iv). Appellant's statement does not comply with either of these directives, as it does not concisely identify each error but instead is redundant and provides lengthy explanations. Because Appellant did not comply with the mandates of Rule 1925(b), the trial court was unable to discern which issues he sought to challenge on appeal. It is well-established that the concise statement "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the party plans to raise on appeal." *Fulano v. Fanjul Corp.*, 236 A.3d 1, 9 (Pa. Super. 2020) (cleaned up). "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Id.* (citations and quotation marks omitted). Here, due to Appellant's lengthy and verbose concise statement, it was understandably unclear to the trial court

that Appellant sought to challenge the weight of the evidence. Accordingly, Appellant has waived this issue.[5]

## Third Issue

In Appellant's third issue, he contends that the trial court erred and abused its discretion by issuing the final PFA order for a period of three years. His entire argument on this issue consists of the following:

> Finally, as to the length of the final PFA [order], the trial court cited the alleged sexual assault committed by … Appellant as making a three (3) year PFA [order] reasonable. However, the [c]ourt previously declined to issue a final [PFA] order in April of 2022[,] notwithstanding the fact that the so-called sexual assault occurred. Additionally, after the testimony … concluded, [B.K.P.] stated she would accept a one-year [PFA] order. For these reasons and the reasons cited above, for the [c]ourt to have issued a three-year PFA [order] was manifestly unreasonable.

Appellant's Brief at 12.

No relief is due. The trial court explained its reasoning for issuing a three-year order, as follows:

_____

[5] The trial court did note in its Rule 1925(a) opinion that Appellant questioned its credibility determinations. TCO at 3 n.3. In addressing Appellant's credibility argument, the trial court reasonably explained that, while Appellant offered alibi evidence for the December 14, 2022 incident, he failed "to address the far more serious instance[, when B.K.P. took her son to work out, and Appellant] not only followed behind [B.K.P.] for a significant distance but, after she turned her vehicle around and headed in the other direction, [he] turned his vehicle around and continued to follow her." *Id.* The trial court also rationally pointed out that B.K.P.'s testimony was consistent with Ms. Goff's testimony concerning Appellant's parking outside of B.K.P.'s recovery program. *Id.* Further, we add that "[a]ssessing the credibility of witnesses and the weight to be accorded to their testimony is within the exclusive province of the trial court as the fact finder." *S.G. v. R.G.*, 233 A.3d 903, 907 (Pa. Super. 2020) (cleaned up).

After hearing all of the evidence, the court made the independent determination that a three-year protective order was necessary. [N.T. Hearing at 26.] In response, [Appellant] objected because the protective order required him to give up his firearms. *Id.* at 27.[5]

> [5] [Appellant] indicated that he had only recently received possession of his firearms after the expiration of another protective order that had been obtained in a different court by [Appellant's] former spouse. *Id.* at 27.

[Appellant] requested that the period of time be reduced to 6 months. In response, the court asked [B.K.P.] if she had any position relative to the length of the protective order and [B.K.P.] then responded that she wanted three years. *Id.* Upon further questioning by the court, [B.K.P.] indicated that she would agree to a one-year protective order. *Id.* Before the court could even address the matter further, [Appellant] responded: "A year is unacceptable. Six months is the maximum that I will accept." *Id.* Given that the parties were unable to reach an agreement as to the duration of the protective order, and considering the brutality of the underlying sexual assault and [Appellant's] stalking behavior, the court did not abuse its discretion when it confirmed its initial independent determination that a three-year protective order was necessary. *See Heard v. Heard*, 614 A.2d 255, 26[0-6]1 (Pa. Super. 1992) (finding duration of protective order is subject to abuse of discretion standard of review and may only be overturned where the trial court's decision was "manifestly unreasonable").

TCO at 4-5 (some parentheses omitted).

Based on our review of the record and Appellant's meager argument, we discern no error of law or abuse of discretion by the trial court. In entering the three-year PFA order, the court considered the parties' disagreement as to the duration of the order, and Appellant's past sexual assault of B.K.P. and his current stalking behavior. As for Appellant's argument that the trial court had previously declined to award a final PFA order in April of 2022, despite the sexual assault, the trial court explained that it did not enter an order at

that time because there had been no recent contact between the parties at that point.  *Id.* at 2.  Accordingly, Appellant has not convinced us that the trial court's three-year PFA order is inappropriate.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/25/2023