J-S17018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| YULISA CUSTODIO DEJOHN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIRT HENRY JOHN | : | |
| | : | |
| Appellant | : | No. 2844 EDA 2023 |

Appeal from the Order Entered September 27, 2023
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-PF-2023-00874

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED JULY 03, 2024**

Appellant, Kirt Henry John ("Husband"), appeals from the order entered in the Northampton County Court of Common Pleas, under the Protection from Abuse ("PFA") Act,[1] in favor of Appellee ("Wife"), Yulisa Custodio DeJohn.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On September 21, 2023, Wife filed a PFA petition against Husband.  In the petition, Wife described certain events that had occurred one day earlier. Specifically, Wife alleged that she angered Husband by turning on lights inside their home.  Husband responded by taking Wife's cell phone, striking her in the head, throwing her on the bed, and bending her hand backwards.  Wife

_____

[1] 23 Pa.C.S.A. §§ 6101-6122.

called 911 and police arrived at the scene, but they did not arrest Husband. Based upon these allegations, the court issued a temporary PFA order and scheduled a hearing on the matter.

The court conducted a PFA hearing on September 27, 2023. At that time, the court received testimony from Wife, who appeared *pro se*. Wife testified about the incident that prompted her to file the PFA petition. Wife also testified about past incidents of physical abuse and threats perpetrated by Husband. Husband appeared with counsel, testified, and denied any physical abuse. At the conclusion of the hearing, the court issued a final PFA order in favor of Wife. The order remains in effect until September 27, 2026, and directs Husband not to abuse, harass, stalk, or threaten Wife.

On October 27, 2023, Husband timely filed a notice of appeal. The court ordered Husband to file a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal on November 1, 2023. Husband subsequently complied.

Husband now raises one issue for this Court's review:

> Did the court err and abuse its discretion by finding that abuse occurred pursuant to the definitions of abuse under 23 Pa.C.S.A. § 6102(a)(1), [(2), or (5)]?

(Husband's Brief at 5).

On appeal, Husband disputes the version of events as described by Wife at the PFA hearing. Nevertheless, even if Wife's testimony was accurate, Husband contends that Wife did not suffer serious bodily injury or bodily

injury. Husband argues Wife did not suffer impairment or substantial pain due to her interactions with Husband. Husband also emphasizes that law enforcement did not order him to leave the marital residence when they responded to the scene, and Wife did not ask Husband to sleep somewhere else on the night of the incident. Moreover, Husband contends that the prior threats alleged by Wife do not justify imposition of the PFA order at issue:

> Although any threat to harm someone is unseemly, the fact that a threat was made in a prior unrelated incident paired with physical contact is not, without more, enough to conclude that [Husband] placed [Wife] in "reasonable fear" of an imminent serious bodily injury.

(*Id.* at 13). Husband concludes that the court erred in finding that he committed "abuse" as defined by the PFA Act, and this Court must vacate the final PFA order entered in favor of Wife. We disagree.

When examining a challenge to the sufficiency of the evidence supporting a PFA order, our standard of review is as follows:

> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

*S.G. v. R.G.*, 233 A.3d 903, 909 (Pa.Super. 2020) (quoting *Fonner v. Fonner*, 731 A.2d 160, 161 (Pa.Super. 1999)).

"The purpose of the PFA Act is to protect victims of domestic violence

from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***E.K. v. J.R.A.***, 237 A.3d 509, 519 (Pa.Super. 2020) (quoting ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262 (Pa.Super. 2008)).  The PFA Act defines abuse as follows:

> **§ 6102.  Definitions**
>
> **(a)      General rule.—**The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:
>
>    **"Abuse."**  The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> \*      \*      \*
>
>    (1)    Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
>    (2)    Placing another in reasonable fear of imminent serious bodily injury.
>
> \*      \*      \*
>
>    (5)    Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury.  The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a)(1), (2), (5).

"In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury…." **Buchhalter, supra** at 1263 (quoting **Raker v. Raker**, 847 A.2d 720, 725 (Pa.Super. 2004)). "The intent of the alleged abuser is of no moment." **Id.** "While physical contact may occur, it is **not** a pre-requisite for a finding of abuse under [Section] 6102(a)(2) of the Act." **Fonner, supra** at 163 (emphasis added). "[T]he victim of abuse need not suffer actual injury, but rather be in reasonable fear of imminent serious bodily injury." **Burke ex rel. Burke v. Bauman**, 814 A.2d 206, 208 (Pa.Super. 2002) (quoting **DeHass v. DeHass**, 708 A.2d 100, 102 (Pa.Super. 1998), *appeal denied*, 557 Pa. 629, 732 A.2d 615 (1998)).

Instantly, Wife testified at the PFA hearing and provided the following description of the incident that prompted her to file the PFA petition:

> I arrived from the gym, he was in the house. I turned on the light to move some clothes that were on top of the bed. He turned off the light and I turned it on. He got upset that I kept turning the light on.
>
> He took away my phone and hit me in the head. I asked for my phone back. He bent my fingers until he broke my nails. I called the police and the police came to help us solve the issue.

(N.T. Hearing, 9/27/23, at 9-10).

Additionally, Wife testified about another violent episode in July 2023 where Husband threatened to kill her:

> I was in the kitchen. He was upset. I was in the kitchen. He got very upset about my shoes being in the wrong place.

- 5 -

And he started pushing me and pushing me until I fell on the floor. And I started crying, and he put his knee on my chest. The kids were there, and they started crying and started asking him to let me go.

And he kept putting his—pressure with his knee in my chest. And then I called 911.

\* \* \*

I was very scared. I did not know what to do. I was afraid. I did not know if I should tell [the police] what had happened. And the police asked if we were okay and left.

He's told me that I cannot touch his firearms because he would kill me. Those are his treasures.

(*Id.* at 11-12).

Here, Wife's testimony established Husband's abusive behavior. Based upon the foregoing, the court found that Husband placed Wife in reasonable fear of imminent serious bodily injury. (*See* Trial Court Opinion, filed 12/18/23, at 6). The record supports this finding of abuse, regardless of the severity of any injury that Wife suffered. *See Fonner, supra; Burke, supra*. Moreover, the court evaluated the testimony from both parties, and it found Wife to be more credible. (*See* Trial Court Opinion at 6). In light of the applicable standard of review, we defer to the court's credibility determination. *See S.G., supra*. Accordingly, we affirm the final PFA order entered in favor of Wife.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/3/2024