J-A19007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ERNEST LUKSIK | : | |
| | : | |
| Appellant | : | No. 1752 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 30, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005712-2019

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:       **FILED: DECEMBER 5, 2024**

James Ernest Luksik appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County after his conviction of summary harassment. Luksik raises challenges regarding due process, the admissibility of evidence, and the weight of the evidence. Upon review, we affirm.

The trial court properly summarized the relevant facts of this case.

> [Luksik] has appealed this Court's September 11, 2023 Verdict/Order finding [Luksik] guilty of the summary offense of harassment related to H.H. and our December 14, 2023 sentencing Order. The background of this case is as follows: On March 25, 2019, [Luksik] was a teacher at Bishop Carroll high school in Ebensberg, PA. On that date, [Luksik] chaperoned a group of ninth grade students during a tour of the Capitol Building in Harrisburg, PA. During this trip, it is alleged by the Commonwealth that [Luksik] touched the backside area of two of the students, K.L. and H.H.

---

[*] Former Justice specially assigned to the Superior Court.

On August 12, 2019, [Luksik] was charged with six criminal counts as to the alleged contact with H.H. and six criminal counts as to the alleged contact with K.L. The criminal counts for each alleged contact included: 1) Sexual Contact with a Student;[] 2) Unlawful Contact with a Minor;[] 3) Corruption of Minors;[] 4) Indecent Assault;[] 5) Indecent Assault Person Less than 16 Years Age;[] and 6) a summary charge of Harassment.[1] Following a November 8, 2019 Preliminary Hearing in front of Magisterial District Justice David O'Leary, at which none of the alleged victims testified, all charges except for Unlawful Contact with a Minor were bound over for trial as to both of the alleged victims.

After [Luksik's] preliminary hearing occurred, but before [his] trial was held, the Pennsylvania Supreme Court handed down a ruling that held that hearsay evidence alone cannot be used to establish all elements of all crimes for the purpose of establishing a prima facie case against a [d]efendant at a preliminary hearing. ***Commonwealth v. McClelland***, 233 A.3d 717, 734 (Pa. 2020). Given this ruling, and the fact that the Commonwealth's *prima facie* case against [Luksik] had been solely based on hearsay, [Luksik] filed an Omnibus Pretrial Motion in the nature of a habeas corpus Petition, seeking to dismiss the charges against him.

We scheduled a Hearing [("McClelland hearing")] for January 27, 2021 to allow the Commonwealth to supplement the initial preliminary hearing and present testimony from the alleged victims, K.L. and H.H. Following this Hearing, we entered an Order on February 11, 2021 wherein we dismissed all charges against [Luksik] related to K.L. We also bound over for trial the charges of Indecent Assault without Consent; Indecent Assault, Victim is under Age 16 by Offender 4 or more Years Older; and the summary charge of harassment with respect to H.H. All other charges related to H.H. were dismissed.[2]

---

[1] 18 Pa.C.S.A. § 3124.2(a.2)(1), 18 Pa.C.S.A. § 6318(a)(1), 18 Pa.C.S.A. § 6301(a)(1)(ii), 18 Pa.C.S.A. § 3126(a)(1), 18 Pa.C.S.A. § 3126(a)(8), and 18 Pa.C.S.A. § 2709(a)(1), respectively.

[2] This Order was affirmed by the Pennsylvania Superior Court on April 1, 2022. ***See Commonwealth v. Luksik***, No. 329 MDA 2021, at *5 (Pa. Super. filed April 1, 2022) (unpublished memorandum) (***Luksik I***).

Ultimately, the Commonwealth agreed to withdraw the claims of Indecent Assault without Consent and Indecent Assault, Victim is under Age 16 by Offender 4 or more Years Older and proceed solely on the summary charge of harassment with respect to H.H. We held a bench trial on July 26, 2023 and entered a Verdict wherein we found [Luksik] guilty of the summary charge of harassment. [Luksik] was later sentenced to pay costs of prosecution, a $300 fine, and he was placed on three months' probation. [Luksik] appealed this Court's Verdict and sentencing Order.[3] He thereafter filed his Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 2/6/24, at 1-3. Thereafter, the trial court filed a 1925(a)

opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Luksik raises six issues.

1. Did the Commonwealth violate Appellant/Defendant James Luksik's due process right to a fair trial when the Commonwealth's agent, [Children and Youth Services ("CYS")] employee Brandi Yeckley[], pressured H.H. to feel like "something needed to happen to" Defendant James Luksik?

2. Did the Commonwealth's knowledge of, and failure to correct, H.H.'s false testimony at the McClelland hearing that H.H. went up the escalator and that the alleged event occurred at the top of the escalator, render the trial unfair and violate Mr. Luksik's right to due process of law.

3. Did the trial Court commit error when it denied Mr. Luksik's Motion to dismiss charges related to H.H. due to spoliation of evidence, specifically not preserving all of the Capitol video surveillance evidence showing the Bishop Carroll class at the Capitol, video that was available to, and reviewed by, the Commonwealth during its investigation.

---

[3] Luksik purports to appeal from the trial court's September 11, 2023 guilty verdict and the December 14, 2023 sentencing order. However, in criminal cases, appeals lie only from judgment of sentence, not the guilty verdict. *See* ***Commonwealth v. Moser***, 283 A.3d 850, 856 n.6 (Pa. Super. 2022). We have amended the caption accordingly.

4. Did the trial court err, and violate the law of the case, when it considered in arriving at its verdict, alleged acts of other purported wrongs (i.e. allegedly telling "inappropriate jokes of a sexual nature") that H.H. could not recall, were nonspecific and were remote in time and place to the alleged incident at the Capitol building on March 25, 2019.

5. Was the trial court unduly influenced by H.H.'s emotion during her testimony at trial?

6. Was the trial [c]ourt's verdict finding [Luksik] guilty beyond a reasonable doubt against the weight of the evidence?

Appellant's Brief, at 4-5 (numbering and suggested answers omitted).

In his first issue, Luksik argues that his due process rights were violated because the trial court credited testimony from H.H. that was the result of pressure from CYS employee Brandi Yeckley. *See* Appellant's Brief, at 15-18. The Commonwealth argues that H.H.'s testimony cannot be deemed tainted from any supposed pressure because H.H. was over the age of fourteen and any inconsistencies in H.H.'s testimony were questions of credibility. *See* Commonwealth's Brief, at 10-11. We agree with the Commonwealth.

Luksik appears to conflate the issues of tainted testimony and weighing a witness's credibility. "Taint is distinct from credibility. Taint bears on a witness's competence, and it is the proper subject of a pre-trial competency hearing. Credibility is a matter for the finder of fact." ***Commonwealth v. Tyrrell***, 177 A.3d 947, 954 (Pa. Super. 2018) (citations omitted). Further, although "taint is [] a legitimate question for examination in cases involving complaints of sexual abuse made by young children[,]" once a minor is age fourteen their testimony is deemed competent as a matter of law.

- 4 -

*Commonwealth v. Page*, 59 A.3d 1118, 1129 (Pa. Super. 2013) (citation omitted).

Here, the taint argument is not persuasive for two reasons. First, Luksik never challenged H.H.'s competence in the trial court, so there was no pre-trial competency hearing. As the trial court stated, the issue was never raised before the trial court, and thus, appellate review of the issue is waived. *See* Trial Court Opinion, 2/6/24, at 3. Second, as a matter of law, H.H.'s testimony could not be deemed incompetent because she was fifteen years old at the time of the incident and nineteen years old when she testified at trial. *See* *Page*, 59 A.3d at 1129. To the extent that Luksik challenges the credibility of H.H.'s testimony, the credibility determination is within the sound discretion of the trial court. Therefore, Luksik's claim is without merit.

Next, Luksik asserts that the Commonwealth was aware that H.H.'s Child Advocacy Center ("CAC") interview and McClelland hearing testimony that the incident occurred at the top of the elevator was false because Officer Cruz reviewed the video surveillance and concluded that H.H. never went up the escalator. *See* Appellant's Brief, at 18-19. Luksik argues that the Commonwealth violated his right to due process by knowingly remaining silent that H.H. falsely testified about going up the escalator. *See id.* at 20-21. The Commonwealth responds that H.H. did not knowingly make a false statement, any inconsistencies were a matter of credibility, and Luksik was aware of this

inconsistency and thus had the opportunity to question H.H. about it on cross-examination. *See* Commonwealth's Brief, at 12-13.

We agree with the trial court that "[b]ased on the evidence presented at trial, it is not entirely clear that this testimony was false or if it was a matter of incorrect memory." Trial Court Opinion, 2/6/24, at 3. Also, as the trial court pointed out, Luksik waived this issue by not raising it at trial. *See id.* Therefore, Luksik's second issue does not warrant relief.

In his third issue, Luksik asserts that the trial court erred by excusing the Commonwealth's failure to preserve all surveillance footage from the Capitol on the day in question. *See* Appellant's Brief, at 21-25. Luksik argues that the video was exculpatory because it disproved the allegation that he touched H.H.'s backside and contradicted H.H.'s testimony that he was "stalking" students at the Capitol and that she ever went up the escalator. *See id.* The Commonwealth argues that the surveillance footage requested by Luksik was not exculpatory. *See* Commonwealth's Brief, at 14-16.

> [T]he Due Process Clause of the Fourteenth Amendment requires defendants be provided access to certain kinds of evidence prior to trial, so they may be afforded a meaningful opportunity to present a complete defense. This guarantee of access to evidence requires the prosecution to turn over, if requested, any evidence which is exculpatory and material to guilt or punishment, *see Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and to turn over exculpatory evidence which might raise a reasonable doubt about a defendant's guilt, even if the defense fails to request it, *see United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). If a defendant asserts a *Brady* or *Agurs* violation, he is not required to show bad faith.

There is another category of constitutionally guaranteed access to evidence, which involves evidence that is not materially exculpatory, but is potentially useful, that is destroyed by the state before the defense has an opportunity to examine it. When the state fails to preserve evidence that is potentially useful, there is no federal due process violation unless a criminal defendant can show bad faith on the part of the police. Potentially useful evidence is that of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.

*Commonwealth v. Williams*, 154 A.3d 336, 339 (Pa. Super. 2017) (one citation, brackets, and quotation marks omitted). "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Commonwealth v. Brown*, 200 A.3d 986, 994 (Pa. Super. 2018) (citation and internal quotation marks omitted).

Luksik failed to establish that he was denied material evidence that would have changed the result of the proceedings because he was not denied any evidence that directly refuted the allegations, and he already had the opportunity to cross-examine H.H. about inconsistencies in her version of events. The surveillance footage could not prove that Luksik never touched H.H.'s backside during the trip to the Capitol because there were "dead spots" that were not surveilled. *See* N.T., 7/26/23, at 104-05. Thus, there was no showing that the potential evidence directly refuted the charges because it was entirely possible that the incident in question occurred in an area of the Capitol that was not surveilled.

Further, the video footage would not have aided Luksik in his cross-examination of H.H. In her CAC interview and McClelland hearing testimony, H.H. stated that Luksik touched her backside at the top of the escalator. *See id.* at 51-56, 64. However, at trial, H.H. testified that Luksik touched her backside at a different location in the Capitol. *See id.* at 38-41. Defense counsel cross-examined H.H. about where she and Luksik were when Luksik touched her. *See id.* at 51-64. Furthermore, Corporal Cruz testified that there was no footage from the top of the escalator. *See id.* at 105. Therefore, this issue was one of credibility for the fact-finder to resolve, and not resolvable by the missing video footage.

Additionally, we agree with the trial court that Luksik failed to demonstrate bad faith on the part of the Commonwealth as "the remaining footage was overwritten during the normal course of operations at the Capitol Building." Trial Court Opinion, 2/6/24, at 5. Therefore, Luksik's argument is without merit.

In his fourth issue, Luksik argues that this Court previously rejected the characterization of certain interactions between Luksik and other minor students as amounting to sexually explicit and inappropriate jokes. *See* Appellant's Brief, at 26. Luksik presumes that the reason for this is the remoteness in time and distance from the occurrence of the jokes to the alleged backside tap. *See id.* Thus, according to Luksik, the trial court violated the law of the case doctrine when it considered such evidence. *See id.* The

Commonwealth responds that such evidence was admissible character evidence. *See* Commonwealth's Brief, at 17.

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.

*Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa Super. 2013) (citation omitted). Further, "[u]nder the law of the case doctrine, a trial court cannot overrule the holding of this Court upon remand proceedings." *Commonwealth v. McCandless*, 880 A.2d 1262, 1267 (Pa. Super. 2005) (*en banc*) (citation omitted). "To determine whether the law of the case doctrine applies, a court must examine the rulings at issue in the context of the procedural posture of the case." *S.G. v. R.G.*, 233 A.3d 903, 908 (Pa. Super. 2020) (citation omitted)

Luksik misunderstands what issue this Court decided on interlocutory appeal. *Luksik I* involved the Commonwealth's appeal of the trial court's order dismissing all charges pertaining to K.L. and some of the charges pertaining to H.H. *Luksik I*, No. 329 MDA 2021, at *1. We held that the trial court did not err in finding that the Commonwealth failed to establish a *prima facie* case for the dismissed charges and thus, affirmed the trial court's order. *See id.* at *5. Pertaining to the sexual jokes made by Luksik, we merely held that such jokes were not *prima facie* evidence of Luksik's intent to arouse or gratify his sexual desire. *See id.* at *3. We never addressed the admissibility

of such jokes as it related to the summary harassment charge. ***See id.*** at *3-5. Therefore, the law of the case doctrine does not apply. This issue does not merit relief.

The next issue relates to whether the trial court was unduly influenced by H.H.'s emotional testimony. At trial, when the Commonwealth began to ask H.H. about the incident, H.H. expressed that she did not wish to discuss the matter. ***See*** N.T., 7/26/23, at 30. In response, the trial court asked counsel to speak in chambers and a recess was taken. ***See id.*** at 30-31.

Luksik argues that the trial court was unduly influenced by H.H.'s testimony that she did not wish to discuss the incident. ***See*** Appellant's Brief, at 29-30. Luksik further contends that the trial judge asked counsel to see him in chambers after H.H.'s testimony was because the trial judge was moved by H.H.'s testimony. The Commonwealth argues that inflammatory statements are unlikely to have a prejudicial effect on a trial judge and that Luksik's assertion is completely speculative. ***See*** Commonwealth's Brief, at 18. Luksik's argument is without merit.

"The court may exclude relevant evidence if its probative value is outweighed by a danger of . . . unfair prejudice[.]" Pa.R.E. 403. "'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt. To the extent that Luksik challenges the admissibility of H.H.'s testimony regarding her reluctance to discuss the

matter, that issue is waived because Luksik never objected to its admissibility. *See* Pa.R.A.P. 302(a).

Moreover, even if the issue were not waived it is clearly without merit. Luksik baldly asserts that the trial court was unduly influenced by the emotional tenor of H.H.'s testimony. However, Luksik offers nothing to support this assertion. A trial court is presumed to be able to disregard inadmissible evidence and other improper elements. ***Commonwealth v. Lambert***, 765 A.2d 306, 362 (Pa. Super. 2000) (citations omitted). Thus, we reject Luksik's bald assertion that the trial court was unduly influenced by H.H.'s emotion during her trial testimony.

In his final issue, Luksik challenges the weight of the evidence. Specifically, Luksik argues that H.H.'s testimony was not credible because portions of her trial testimony contradicted her written statement made days after the incident and her CAC interview four months later. ***See*** Appellant's Brief, at 36. The Commonwealth argues that Luksik's argument amounts to a challenge to the trial courts credibility determinations which was within the trial court's discretion as the fact-finder. ***See*** Commonwealth's Brief, at 19-20.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or

denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Bright*, 234 A.3d 744, 749 (Pa. Super. 2020) (citation omitted). "The finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.* (brackets and citation omitted).

"A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1). The intent to harass, annoy or alarm another "may be inferred from the totality of the circumstances." *Commonwealth v. Coniker*, 290 A.3d 725, 734 (Pa. Super. 2023) (citation omitted).

The trial court explained its reasoning for arriving at its verdict.

In the instant matter, we heard credible testimony from the victim H.H. that, on March 25, 2019, she was on a field trip to tour the Pennsylvania Capitol Building. H.H. was fifteen at the time and in the ninth grade. She attended school at Bishop Carroll where Defendant, James Luksik was a teacher. Mr. Luksik was also a chaperone for the field trip to the Capitol Building in Harrisburg, Pennsylvania.

H.H. credibly testified that, during this field trip. Defendant tapped her on her butt with his hand when she was walking with her classmates on the tour of the Capitol Building. She told her friends about this shortly after it occurred, and the Court viewed video of this conversation. It was clear to this Court that H.H. was greatly affected by Mr. Luksik tapping her butt on that day. Given her testimony, we find that Mr. Luksik did subject H.H. to physical contact.

- 12 -

H.H. also credibly testified that Mr. Luksik would make inappropriate jokes of a sexual nature in front of his class of ninth graders. These jokes included statements about short skirts and hot blondes. Given the credible testimony that Mr. Luksik tapped her on her butt and was making sexual jokes to ninth graders, we believe that an intent io harass, annoy or alarm H.H. by tapping her on her butt can be inferred from these circumstances.

For the reasons stated above, we hereby find Defendant, James Luksik, GUILTY on the summary charge of Harassment under 18 Pa. C.S.A. § 2709(a)(1). . . .

Verdict, 9/11/23.

The trial court acted within its discretion in crediting H.H.'s testimony.

*See **Bright***, 234 A.3d at 749. Therefore, Luksik's challenge to the weight of

the evidence is without merit.

As all of Luksik's claims lack merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2024

- 13 -