J-A01032-24
J-A01033-24
J-A01034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AMANDA MIDDAUGH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KATLYN HORACEK AND STATE FARM MUTUAL AUTO INSURANCE COMPANY | : | No. 331 EDA 2023 |

Appeal from the Order Entered January 24, 2023
In the Court of Common Pleas of Pike County Civil Division at No(s):
2011-00691

| | | |
|---|---|---|
| SARINA MIDDAUGH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KATLYN HORACEK AND STATE FARM MUTUAL AUTO INSURANCE COMPANY | : | No. 332 EDA 2023 |

Appeal from the Order Entered January 24, 2023
In the Court of Common Pleas of Pike County Civil Division at No(s):
2011-00692

| | | |
|---|---|---|
| RAYMOND MIDDAUGH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 333 EDA 2023 |

J-A01032-24
J-A01033-24
J-A01034-24

          KATLYN HORACEK AND STATE FARM      :
          MUTUAL AUTO INSURANCE              :
          COMPANY                           :

                    Appeal from the Order Entered January 24, 2023
              In the Court of Common Pleas of Pike County Civil Division at No(s):
                                        2011-00693

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                              **FILED NOVEMBER 19, 2024**

In these related cases, Appellants Amanda Middaugh, Raymond Middaugh, and Sarina Middaugh (collectively, "Plaintiffs" or "the Middaughs") appeal from orders granting summary judgment in favor of Appellees Katlyn Horacek and State Farm Mutual Auto Insurance Company ("State Farm," collectively, "Defendants") and dismissing the Middaughs' complaints.

Plaintiffs Raymond and Amanda Middaugh are husband and wife, and Plaintiff Sarina Middaugh is their adult daughter. Plaintiffs filed separate actions against Defendants alleging that Raymond and Amanda Middaugh were traveling as passengers in an automobile operated by Sarina Middaugh on August 31, 2009 in Dingman Township, Pike County when a vehicle driven by Horacek struck them from behind. Complaints ¶¶4-6.[1] Plaintiffs brought negligence claims against Horacek, *id.* ¶¶10-17, and claims for underinsured

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The complaints in these matters are identical in all relevant respects. On June 28, 2012, the trial court consolidated the actions for discovery and trial but provided that the cases would continue to be docketed separately. Order, 6/28/12. The issues in these appeals are identical, and therefore we address the three appeals in one consolidated memorandum decision.

- 2 -

motorist coverage ("UIM") against State Farm, their automobile insurance carrier. *Id.* ¶¶18-23.

Defendants answered the complaints and the actions proceeded to discovery. On August 30, 2013, Horacek filed a motion to compel the depositions of Plaintiffs, alleging that she first sought Plaintiffs' depositions on July 19, 2012 and then sent six additional notices of depositions to Plaintiffs' counsel with no success. Motion to Compel, 8/30/13, ¶¶2-3, Exhibits A, B. Plaintiffs filed a response to the motion to compel and a counter-motion seeking to compel Horacek's deposition. Ultimately, on March 10, 2015, the trial court entered an order granting the motion to compel and counter-motion to compel. Order, 3/10/15, at 2. The court directed that the depositions be conducted within 45 days of the order. *Id.*

The depositions did not occur within the mandated time frame, and Horacek filed a second motion to compel Plaintiffs' depositions on March 20, 2017. Horacek alleged that she had sought to schedule Plaintiffs' depositions at least three additional times subsequent to the court's March 10, 2015 order granting the first motion to compel, without success. Motion to Compel, 3/20/17, ¶¶5-6, Exhibit B. Plaintiffs filed a response to the motion and a counter-motion to compel Horacek's deposition on March 30, 2017. On June 6, 2017, the trial court issued an order providing that, "upon agreement by the parties," the requested depositions must take place within 60 days of the order. Order, 6/6/17, at 2.

On August 14, 2017, Horacek filed a motion for sanctions pursuant to Pa.R.Civ.P. 4019. Horacek alleged in the motion that her counsel contacted counsel for Plaintiffs on July 10, 2017, and proposed July 18 and 19, 2017, for taking of the depositions and Plaintiffs' counsel responded that he was not available on the selected days but did not propose alternative dates. Motion for Sanctions, 8/14/17, ¶¶7-8, Exhibits C-D. According to the motion, Horacek's counsel then wrote to Plaintiffs' counsel on July 18, 2017, with an open-ended request for available dates when Plaintiffs would be available. *Id.* ¶9, Exhibit E. Receiving no response from Plaintiffs' counsel, Horacek's counsel noticed Plaintiffs' depositions for August 4, 2017, just prior to the expiration of the 60-day deadline established by the order; on August 2, 2017, Plaintiffs' counsel indicated that his clients would not appear on August 4. *Id.* ¶¶10-11, Exhibit F.

Plaintiffs filed an opposition to the sanctions motion on September 6, 2017. The opposition noted that Plaintiffs' counsel objected to Horacek's initial proposed dates in July because Plaintiffs' counsel was attached for trial in another jurisdiction and then Horacek did not propose alternate dates until unilaterally noticing the depositions for August 4. Brief in Opposition to Motion to Compel, 9/6/17, at unnumbered page 3, Exhibit C. Plaintiffs asserted in their response that the reason their depositions could not take place on August 4 was because State Farm was not able to send a representative for deposition on that date and Horacek was not made available on that date. *Id.* at 4-5,

- 4 -

Exhibit D. Moreover, Plaintiffs circulated a stipulation on August 2, which would have extended the time for depositions until October 4, 2017. *Id.* at 5, Exhibit D.

Oral argument on the motion for sanctions took place on September 7, 2017. While the lower court held the matter under advisement, Plaintiffs' depositions were taken on December 20, 2017. On April 2, 2018, the Honorable Linda Wallach Miller granted Horacek's motion, imposing the sanctions of prohibiting Plaintiffs from presenting any evidence in support of their claim for damages and requiring Plaintiffs to each pay $1,000 to Horacek's counsel. Order, 4/2/18, at 2; *see* Pa.R.Civ.P. 4019(g)(1) (authorizing court to award attorney's fees to moving party upon grant of discovery sanctions motion). Plaintiffs sought reconsideration of this order, which the trial court denied.

Horacek then filed a motion for summary judgment arguing that Plaintiffs failed to present evidence on one of the essential elements of their negligence claim, that they suffered damages from the 2009 car crash, as a result of the April 2, 2018 order precluding Plaintiffs from presenting such evidence. On November 29, 2021, the Honorable Kelly A. Gaughan[2] granted

_____

[2] Judge Miller was no longer serving on the trial court by the date that the summary judgment motions were decided.

J-A01032-24
J-A01033-24
J-A01034-24

Horacek's motion.[3] State Farm subsequently filed a summary judgment motion on the basis that Plaintiffs could not prove that Horacek was underinsured in the absence of any damages evidence, and the court granted this motion on January 24, 2023. Plaintiffs then filed these timely appeals.[4]

Plaintiffs present the following issues on appeal:

[1.] Whether the trial court erred in granting [Horacek's] Motion for Sanctions when the record does not support the sanctions ordered by the trial court, the trial court did not undertake the analysis required by the Supreme Court's decision in *City of Philadelphia v. Fraternal Order of Police Lodge No. 5* [*(Breary)*, 985 A.2d 1259] (Pa. 2009), and the trial court considered and relied upon the type of non-record evidence expressly disapproved of by the Supreme Court in *City of Philadelphia*[].

[2.] Whether the Coordinate Jurisdiction Doctrine did not apply to the trial court's prior sanctions order barring [Appellants] from pleading and proving damages because the trial court's prior sanctions order was clearly erroneous and created manifest injustice when followed.

[3.] Whether [Horacek's] Motion for Summary Judgment should have been denied when, notwithstanding the trial court's clearly erroneous sanctions order, []Appellants had presented genuine issues of material facts regarding their claims for damages that required the trial court to deny summary judgment in favor of [Horacek.]

_____

[3] Following the trial court's November 29, 2021 grant of summary judgment in favor of Horacek, Plaintiffs filed notices of appeal, which this Court quashed as being from non-final orders due to the claims that remained pending against State Farm. Order, No. 729 EDA 2022, 5/25/22; Order, No. 730 EDA 2022, 5/24/22; Order, No. 731 EDA 2022, 5/24/22.

[4] Plaintiffs filed concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on February 21, 2023. The trial court issued a Pa.R.A.P. 1925(a) opinion on April 6, 2023.

- 6 -

[4.] Whether the [trial c]ourt erred in granting [] State Farm's Motion for Summary Judgment where the basis for the granting of summary judgment in favor of State Farm was the sanctions order precluding [Appellants] from submitting evidence in support of a claim for damages.

Plaintiffs' Brief at 2-3 (trial court disposition omitted).[5]

In their first issue, Plaintiffs challenge the trial court's grant of Horacek's motion for sanctions. Pursuant to Pennsylvania Rule of Civil Procedure 4019, a trial court "may, on motion, make an appropriate order if" a party "fails to make discovery or to obey an order of court respecting discovery." Pa.R.Civ.P. 4019(a)(1)(viii). Among the options available to a court in imposing sanctions is the entry of "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition." Pa.R.Civ.P. 4019(c)(2).

Generally, the trial court's imposition of a sanction for failure to comply with a discovery order, as well as the determination of the sanction to be imposed, is subject to the discretion of the trial court. *City of Philadelphia*, 985 A.2d at 1269; *Rohm and Haas Co. v. Lin*, 992 A.2d 132, 142 (Pa. Super. 2010). Our Supreme Court has explained that "even where a trial court imposes a judgment by default as a sanction for failure to respond adequately to discovery requests, it is acting well within its discretion and the latitude given it by our Rules of Civil Procedure." *City of Philadelphia*, 985 A.2d at

_____

[5] Plaintiffs' briefs in these three appeals are identical in all material respects.

- 7 -

1269 (citation, quotation marks, and ellipses omitted). However, under circumstances, such as the present case, where the sanction results in dismissal of an action, we apply a "stringent" standard and "strictly scrutinize" the appropriateness of the sanction. *Rohm and Haas*, 992 A.2d at 141-42; *Steinfurth v. LaManna*, 590 A.2d 1286, 1288 (Pa. Super. 1991) (heightened review standard required where sanction precluding expert testimony was "tantamount to dismissal of the action since it resulted in summary judgment").

In *City of Philadelphia*, our Supreme Court stated that "trial and appellate courts" shall apply four factors in "determining the general severity and vitality of a discovery sanction":

> (1) the prejudice, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice; (2) the noncomplying party's willfulness or bad faith in failing to provide the requested discovery materials; (3) the importance of the excluded evidence in light of the failure to provide the discovery; and (4) the number of discovery violations by the offending party.

985 A.2d at 1270-71; *see also National Brokers of America, Inc. v. Jordan*, 307 A.3d 1206, 1219-20 (Pa. Super. 2023). The enforcement of sanctions based upon non-compliance with our rules of civil procedure must be determined "by the facts and circumstances of each particular case." *City of Philadelphia*, 985 A.2d at 1270 (citation omitted); *see also National Brokers of America*, 307 A.3d at 1219 ("when a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules.") (citation omitted). Where the sanction results in the

dismissal of the action, greater emphasis is traditionally placed on the first two factors: (1) the prejudice to the moving party and the offending party's ability to cure and (2) the willfulness of the offending party's conduct. **City of Philadelphia**, 985 A.2d at 1271; **Hoss Land Co. v. Thorson**, ___ A.3d ___, 2024 PA Super 198, *7 (Pa. Super., filed Sept. 5, 2024).

We conclude that the application of the **City of Philadelphia** factors supports the sanction of dismissal, and therefore we affirm the exercise of the trial court's discretion in imposing the sanction upon Plaintiffs. With respect to the first factor, "[o]ur Court has explained that '[p]rejudice for purposes of discovery violation is said to result any time there is a substantial diminution of a party's ability to properly present its case.'" **Hoss Land Co.**, 2024 PA Super 198, *7-8 (quoting **Stewart v. Rossi**, 681 A.2d 214, 218-19 (Pa. Super. 1996)). The trial court found that Horacek was prejudiced by Plaintiffs' repeated failures and refusals to sit for deposition due to the amount of time that had passed since the car crash that precipitated the actions, noting that, since "memory fades and wounds heal with the passage of time, [Horacek was] increasingly hindered in her ability to prepare a defense" based upon the lengthy delay. Order, 4/2/18, at 4. The court further stated that Horacek was prejudiced by "hav[ing] a case hanging over her head for over seven (7) years." **Id.** at 6.

We agree with the trial court's analysis that Plaintiffs' repeated refusal to sit for depositions substantially prejudiced Horacek's ability to litigate this

matter. These actions commenced in April 2011, and Horacek first noticed Plaintiffs' depositions on July 19, 2012; however, despite numerous, repeated requests over numerous years and the filing and granting of two motions to compel the depositions, Horacek was unable to secure Plaintiffs' appearance. At the time Horacek filed her motion for sanctions, more than five years had elapsed since she had first noticed Plaintiffs' depositions and it had been almost eight years since the August 31, 2009 motor vehicle accident at issue in this case. Furthermore, it is clear that the deposition testimony was vital to the preparation of a defense as Plaintiffs' memories of the accident, their injuries, and the medical treatment they received formed the primary basis through which Plaintiffs could substantiate the allegations of their lawsuits. Thus, the protracted delay substantially diminished Horacek's ability to defend the negligence claims brought against her. *See Hoss Land Co.*, 2024 PA Super 198, *8-9 (defendant's failure to respond to requests for production of key discovery material in quiet title action in spite of two motions to compel constituted a substantial diminution of plaintiff's ability to present case); *Philadelphia Contributionship Insurance Co. v. Shapiro*, 798 A.2d 781, 785 (Pa. Super. 2002) (dismissal warranted as sanction for sixteen-month period of ignoring discovery requests and interrogatories, missing discovery deadlines, and ignoring court orders to comply where the "violations prejudiced [the defendant's] ability to defend against these claims"); *McSloy v. Jeanes Hospital*, 546 A.2d 684, 688 (Pa. Super. 1988) (plaintiffs' failure

to obtain expert was grounds for sanction of non pros where "memories of witnesses who may be crucial to preparation of [defendants'] defense have faded" and defendants "have been forced to bear the stigma attached to an unresolved lawsuit [during the pendency of the suit] and incur continuous legal expenses as a result of [plaintiffs'] procrastination").

Plaintiffs argue that the prejudice was cured when they sat for depositions on December 20, 2017, while the sanctions motion was pending, but this ignores that the prejudice to Horacek was the extensive delay from the date the action was filed and Plaintiffs' corresponding fading memories of the incident and the injuries they suffered. To the extent Plaintiffs argue that the prejudice was minimized because Horacek admitted liability for the crash and only the amount of damages are at issue in this litigation, Plaintiffs do not cite any support for this claim in their brief, and our review of the record calls this assertion into question. **See** Horacek Answers ¶8 (denying allegation that Horacek was operating her "motor vehicle in a negligent and careless manner"). In any event Horacek was equally prejudiced by the delay in deposing Plaintiffs regarding their distant-in-time pain and suffering, medical treatment, and loss of life's enjoyments resulting from the crash as she was to their testimony regarding the crash itself. Furthermore, while Plaintiffs note one instance when Horacek was required to postpone scheduled depositions when her counsel had a family emergency, **see** Plaintiffs' Brief in Response to Horacek's Summary Judgment Motion, 8/30/21, Exhibit K, this single incident

does not excuse Plaintiffs' numerous refusals to make themselves available for depositions over the history of this case.

Turning to the second *City of Philadelphia* factor, the record supports the trial court's finding that Plaintiffs' conduct was willful and in bad faith. As elucidated above, Horacek first noticed Plaintiffs' depositions on July 19, 2012 and then sent numerous additional notices over several years, leading to a March 10, 2015 order granting Horacek's motion to compel the depositions and then a second order entered on June 6, 2017 "upon agreement by the parties" compelling depositions within 60 days. Order, 6/6/17, at 2. Horacek's counsel communicated with Plaintiffs' counsel three times over the ensuing 60 days, twice proposing specific dates for the depositions and on the third occasion requesting that Plaintiffs provide a date when they were available. Despite these requests, Plaintiffs' counsel did not offer a date for his clients to be deposed within the court-mandated time frame. As the trial court ably explained, "the age of the case, the [two orders that were] disregarded, and the consistent course of evasive conduct espoused by Plaintiffs and their counsel," leads to the inescapable conclusion that "Plaintiffs' repeated failures to schedule and participate in depositions [was] willful and/or undertaken in bad faith." Order, 4/2/18, at 5.

Plaintiffs point to various communications exchanged among the parties that explain the inability to schedule depositions on specific dates, including the short notice given for Plaintiffs' depositions in July and August 2017, a

delay related to a State Farm protective order at the beginning of discovery, the cancelation of Plaintiffs' earlier scheduled deposition due to a family emergency, and Horacek's counsel's earlier insistence that his client and Plaintiffs be deposed on the same date. **See** Plaintiffs' Brief in Response to Horacek's Summary Judgment Motion, 8/30/21, Exhibit A, D, J, K. While each of Plaintiffs' explanations may have merit on their own, they are not sufficient to explain why Plaintiffs' repeated failure to sit for depositions in five years and in spite of two court orders was anything other than willful and in bad faith. **See** Order, 4/2/18, at 5 (stating that Plaintiffs' various attempts to justify the delay "are belied by the age of the case and multiple attempts to hold deposition in the past" and that "Plaintiffs' blatant and ongoing non-compliance is only exacerbated by the fact that the June 6, 2017 [order] . . . was made by *agreement of the parties*") (emphasis in original).

The third **City of Philadelphia** factor, "the importance of the excluded evidence in light of the failure to provide the discovery," 985 A.2d at 1270, also supports the sanction imposed. While evidence of damages was of vital importance to Plaintiffs as it was necessary to obtain any recovery, the exclusion of the evidence was commensurate with the sanctionable conduct— Plaintiffs' failure to submit to depositions—because, as discussed above, Plaintiffs' testimony was crucial evidence for Defendants to respond to the lawsuits.

- 13 -

With respect to the fourth factor—the number of discovery violations—the trial court placed great emphasis on the fact that Plaintiffs "failed to conform to two (2) separate" orders in determining the sanction to be imposed. Order, 4/2/18, at 2, 5-6. We agree with this assessment. While Plaintiffs assert that Horacek and State Farm were also in violation of the court orders which required the completion of *all* depositions, **see** Order, 3/10/15, at 2; Order, 6/6/17, at 2, Plaintiffs did not submit evidence that they noticed Defendants' depositions within the time frames set forth in the order. In any event, any transgressions by Defendants would not excuse Plaintiffs' own violations of the court orders. Furthermore, although the trial court noted in its sanctions order that it had seen similar allegations of misconduct involving Plaintiffs' counsel in similar cases, **see** Order, 4/2/18, at 6 (stating that the court has "seen [similar conduct] in many other cases involving Plaintiffs' attorney" and that "Plaintiffs' attorney [has] appeared numerous times on motions similar to this one"), the court's decision clearly reflects that it was based on the violation of the two discovery orders proven in the present case. **See id.** at 5; **see also City of Philadelphia**, 985 A.2d at 1272-73 (holding that a court may not consider alleged discovery violations in prior cases between the parties absent "evidence supporting the substance or circumstances of these alleged violations").

Based on the foregoing, we conclude that the trial court did not abuse its discretion by precluding Plaintiffs' submission of evidence of damages as a

sanction for their discovery violations. Plaintiffs present one additional claim concerning an allegedly misleading and unsupported statement in the trial court order granting sanctions. Plaintiffs zero in on the following portion of the trial court's order granting the sanctions motion:

> However, as we have seen in many other cases involving Plaintiffs' attorney, while appearing [for the depositions conducted while the sanctions motion was pending] he directed his clients to answer no relevant questions. Thus, making the depositions fruitless.

Order, 4/2/18, at 6. Plaintiffs aver that the statement that the depositions were "fruitless" is untrue as they answered all questions posed to them by defense counsel and further that the statement was "either obtained via a false *ex parte* communication from [Horacek's counsel] or simply made up out of whole cloth" by the court because the depositions had not been conducted at the time the sanctions motion or the answer thereto were filed. Plaintiffs' Brief at 25-26.

The record flatly contradicts Plaintiffs' claim that the trial court invented its discussion of the December 20, 2017 depositions "out of whole cloth" or that the court solicited *ex parte* communication from defense counsel. *Id.* at 25. As Plaintiffs acknowledge in their brief, *id.* at 15, 26-28, after the depositions occurred, they filed an amended answer seeking to place the sanctions motion before the Honorable Gregory H. Chelak of the trial court rather than the Judge Miller, the assigned judge who ultimately decided the sanctions motion, and Horacek then filed a reply to the amended answer. *See* Plaintiffs' Amended Answer to Horacek's Motion for Sanctions, 12/21/17;

Horacek's Reply to Plaintiffs' Amended Answer, 2/1/18. Horacek's denial in this filing "that the depositions [were] completed because Plaintiffs' counsel refused to allow his client to respond to multiple permissible questions of defense counsel," Horacek's Reply to Plaintiffs' Amended Answer, 2/1/18, ¶2, is clearly the source of the statement in the Judge Miller's sanctions order that the depositions were "fruitless" based upon Plaintiffs' attorney's conduct. Order, 4/2/18, at 6.[6] Plaintiffs are therefore entitled to no relief on their first appellate issue.[7]

In their second issue, Plaintiffs argue that Judge Gaughan, who decided the summary judgment motions, erred in concluding that she could not revisit Judge Miller's sanctions ruling based on the coordinate jurisdiction rule. **See** Order, 11/29/21, at 5. "[U]nder the coordinate jurisdiction rule, judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions." ***Ivy Hill Congregation of Jehovah's Witnesses v.***

_____

[6] Our review of the transcripts of Plaintiffs' depositions reveals that, while Plaintiffs' counsel made numerous unnecessarily argumentative objections, Defendants were able to largely complete their questioning of Plaintiffs. Plaintiffs' Motion for Reconsideration of Sanctions Order, 5/2/18, Exhibit M. Whether or not the depositions were in fact entirely "fruitless" as Plaintiffs argue, however, is irrelevant for our present analysis as the prejudice from Plaintiffs' discovery violations was the multi-year delay of their depositions, and their decision to finally submit to depositions more than five years after they were originally noticed did not cure the harm caused.

[7] In light of our conclusion that the record does not support Plaintiffs' assertions, we must remind Plaintiffs' counsel of his obligation under the Pennsylvania Rules of Professional Conduct to "not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge[.]" Pa.R.P.C. 8.2(a).

*Department of Human Services*, 310 A.3d 742, 754 (Pa. 2024) (citation and quotation marks omitted); *see also S.G. v. R.G.*, 233 A.3d 903, 907 (Pa. Super. 2020). "Departure from the coordinate jurisdiction rule is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Ivy Hill*, 310 A.3d at 754 (citation and quotation marks omitted); *see also S.G.*, 233 A.3d at 907. An appeal challenging the court's application of the coordinate jurisdiction rule presents a question of law, as to which our standard of review is *de novo*. *Ivy Hill*, 310 A.3d at 754; *Zane v. Friends Hospital*, 836 A.2d 25, 30 n.8 (Pa. 2003).

Plaintiffs argue that the coordinate jurisdiction did not require Judge Gaughan to give legal effect Judge Miller's sanctions order because the earlier ruling was clearly erroneous and following it would create a manifest injustice and because there was a substantial change in the facts or evidence in light of the fact that Plaintiffs' depositions were taken after the sanctions motion was filed. Neither of these contentions has merit. As illustrated above, our independent review of the trial court's sanctions order confirms that the order was proper under the four-factor standard of *City of Philadelphia*. Therefore, the sanctions order was not "clearly erroneous." *Ivy Hill*, 310 A.3d at 754 (citation omitted). Furthermore, the completion of the depositions

does not constitute a substantial change in the facts upon which the sanctions order was based as that ruling was premised on Plaintiffs' failure to sit for depositions for five years up until the time that the sanctions motion was filed, a fact that Plaintiffs' belated decision to allow the depositions to be completed did not change.

Plaintiffs' final two issues concern the merits of the trial court's orders granting summary judgment in favor of Horacek and State Farm. Our standard of review of a trial court's grant of summary judgment is *de novo*, and our scope of review is plenary. ***Pyeritz v. Commonwealth***, 32 A.3d 687, 692 (Pa. 2011); ***American Southern Insurance Co. v. Halbert***, 203 A.3d 223, 226 (Pa. Super. 2019). A motion for summary judgment shall be granted when, after discovery, "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.Civ.P. 1035.2(2). In reviewing a summary judgment ruling, we view the record in the light most favorable to the non-movant and all doubts as to the existence of a genuine issue of material fact must be resolved against the movant ***Pyeritz***, 32 A.3d at 692; ***Criswell v. Atlantic Richfield Co.***, 115 A.3d 906, 909 (Pa. Super. 2015).

The trial court granted the summary judgment motions on the basis that, as a result of the sanctions order, Plaintiffs are unable to produce evidence of damages, which is an essential element of their negligence claims

against Horacek and their UIM claims against State Farm. *See* Order, 11/29/21, at 4-5; Order, 1/24/23, at 2-3. We agree with the trial court that proof of damages was necessary to their negligence and UIM claims, and Plaintiffs' inability to produce evidence of damages was fatal to the claims at summary judgment.[8] Plaintiffs argue that the trial court erred in its rulings because "[a]bsent the sanctions order, there exists issues of material fact regarding Plaintiffs' damages that precludes [s]ummary [j]udgment" based on Plaintiffs' depositions that were taken while the sanctions motion as pending. Plaintiffs' Brief at 56. However, as discussed above, we have concluded that the sanctions order barring Plaintiffs from introducing evidence of damages was not an abuse of discretion, and therefore there is no ground in this appeal to disturb the trial court's grant of summary judgment against Plaintiffs, which naturally followed from the court's earlier ruling.

Finding no merit to Plaintiffs' appellate issues, we affirm the trial court's November 29, 2021 and January 24, 2023 orders granting summary judgment in favor of Defendants Horacek and State Farm.

_____

[8] A negligence claim requires proof, *inter alia*, that the plaintiff sustained "actual damages" causally related to the defendant's conduct. ***Grove v. Port Authority of Allegheny County***, 218 A.3d 877, 889 (Pa. 2019); ***Baumbach v. Lafayette College***, 272 A.3d 83, 89 (Pa. Super. 2022). A UIM claim may be brought where an insurer fails to provide UIM coverage to an insured who has not declined such coverage and the "insured sustains injuries that are severe enough to warrant recovery beyond what the victim receives from the tortfeasor's insurer." ***Heller v. Pennsylvania League of Cities and Municipalities***, 32 A.3d 1213, 1225 (Pa. 2011); *see also* 75 Pa.C.S. § 1731(c).

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2024